Dear Senator Boissiere:
This office is in receipt of your recent request for an Attorney General's opinion, which has been assigned to the undersigned for research and reply. Specifically, you have requested that we address the following questions, with regard to members of the boards of trustees of the various state and statewide retirement systems:
 "(1) Whether a non-paid trustee must report per diem as income for federal and state income tax purposes.
 (2) Whether a board trustee of state and statewide retirement systems can be reimbursed or paid for their service on the board.
 (a) If so, whether per diem can be considered as salary for purposes of retirement contribution."
Respectfully, we are compelled to refrain from addressing the issues presented by your first question. It is beyond the purview of this office to render tax advice, and our opinions in this regard would not be binding on either the Department of Revenue or the Internal Revenue Service. We are aware, however, and point out for your information, that some, if not all of the retirement systems, issue Internal Revenue Service "1099" forms to their trustees with regard to per diem income the trustees receive.
With regard to your second question, please be advised that the issue of compensation of the members of the boards of trustees of the various state and statewide retirement systems is addressed statutorily. The legislature could, of course, at any time change the method by which such trustees are compensated, as well as provide any necessary funding for new compensation methods it may choose to implement.
Our research reveals that at this time, the trustees of the various retirement systems receive a per diem for attendance at the meetings of their respective boards, and in some cases expense reimbursement as well. In accordance with LSA R.S. 11:181, the Chairmen of the Retirement Committees of both the House of Representatives and the Senate (or their designees, if members of the legislature) serve as voting ex officio members of the governing boards of the governing boards of the Louisiana State Employees' Retirement System ("LASERS"), The Teachers' Retirement System of Louisiana ("Teachers"), The School Employees' Retirement System of Louisiana (School Employees"), The State Police Pension and Retirement System (State Police"), The Assessors' Retirement Fund ("Assessors"), The District Attorneys' Retirement System ("District Attorneys"), The Firefighters' Retirement System (Firefighters"), The Municipal Employees' Retirement System of Louisiana ("MPERS"), The Municipal Police Employees' Retirement System of Louisiana ("Municipal Police"), The Parochial Employees' Retirement System of Louisiana ("PERS"), The Registrars of Voters Employees' Retirement System ("Registrars"), The Sheriffs' Pension and Relief Fund ("Sheriffs"). Additionally, the Chairman of the Senate Retirement Committee, or his designee, "shall serve as voting ex officio member of the Clerks of Court Retirement and Relief Fund ("Clerks"). For such service, these legislative members:
 "shall receive for attendance at meetings of the governing boards the same per diem and expenses as they receive for attendance at legislative committee meetings, and from the same sources." LSA-R.S. 11:181A(2) and B(3).
With regard to the non-legislative members of the governing boards of the above listed state and statewide retirement systems, LSA-R.S.11:181A(3) and D provide that the non-legislative members of the governing boards of the above listed retirement systems shall receive" a per diem of seventy-five dollars per day plus the normal expense allowance allowed state employees by the division of administration, provided funds are available for this purpose.
In accordance with LSA-R.S. 11:181A(3) and F, the per diem payable to the members of the governing boards of the retirement systems listed above is payable only for each meeting allowed by law, but not for meetings "above and beyond the number allowed by law."
In response to your third question, it is the opinion of this office that amounts received as `per diem' by trustees cannot be considered as "salary' for the purpose of calculating retirement benefits, because salary and per diem are two distinct and separate forms of compensation. In accordance with the American Heritage Dictionary of the English Language, Fourth Edition[1], a `per diem" is: "An allowance for daily expenses." On the other hand, a salary is defined as: "A fixed compensation for services, paid to a person on a regular basis."
Please be advised that it is also the opinion of this office, in accordance with the statutory provisions set forth below, that per diem received by the trustees of the various state and statewide retirement systems cannot be considered in the calculation of the trustees' retirement contributions or benefits.
With regard to LASERS, LSA-R.S. 11:403 defines "base pay" as a component in the calculation of retirement benefits under that system, but excludes there from:
 ". . . overtime, per diem, differential pay, payment in kind, premium pay, or any other allowance for expense authorized and incurred as an incident of employment, except supplemental pay for certain members as provided by Article 10(A)(1) of the Louisiana Constitution of 1974." (Emphasis supplied).
With regard to Teachers, LSA-R.S. 11:701 defines "Earnable compensation as a component in the calculation of retirement benefits, but provides that "Earnable compensation shall not include per diem, post allowances, payments in kind "
LSA-R.S. 11:1002, which pertains to School Employees, provides that:
"`Earnable compensation'" means the full amount earned by an employee for a given pay period." Certain items, such as "operating expenses" and "allowances" are specifically excluded from the definition of earnable compensation. Notably, `per diem' is not excluded, however, it is the opinion of this office that in referring to "a given pay period", the legislature intended earnable compensation to include only a member's actual salary. In accord: Attorney General's Opinion No. 89-155.
LSA-R.S. 11:1305, which pertains to State Police, calculates members of that system's "retirement salaries" on the basis of the member's "monthly average salary" and "average annual salary".
LSA-R.S. 11:1402, which pertains to Assessors, includes only a member's "monthly salary" in the calculation of "monthly average final compensation".
We also note that that LSA-R.S. 11:233, which applies to Assessors, and also to Firefighters, Sheriffs and PERS, provides that "earnings, or earned or earnable compensation or its equivalent" means "the full amount earned by an employee for a given pay period" which in our opinion refers to `salary'. In accord: Attorney General's Opinion No. 89-155. Furthermore, LSA-11:233 provides that "earnings or earned or earnable compensation" shall not include "any allowance for expenses incurred as an incident of employment", which in our opinion, includes `per diem'.
With regard to Clerks, retirement benefits are calculated on the basis of "monthly average final compensation", which is defined by LSA-R.S.11:1503(7) as the "average of a member's monthly salary during the highest compensated thirty-six consecutive months or successive joined months if service was interrupted." (Emphasis supplied).
With regard to District Attorneys, retirement benefits are calculated on the basis of "average final compensation", which is defined at LSA-R.S. 11:1581(5), as the average monthly compensation earned by an employee during any period of thirty-six successive months of service as an employee during which the said earned compensation was the highest. "Fees earned in connection with official duties" are specifically excluded from the definition of "average final compensation". Although "per diem" is not specifically excluded, in our opinion, the reference to "monthly compensation" in the definition of `average final compensation" refers to salary. In accord: Attorney General's Opinion No. 89-155.
With regard to MPERS, our research reveals that employee contributions to that system are based upon monthly earnings. "Earnings", in accordance with LSA-R.S. 11:1732(12)(a) means "the full amount of compensation earned by a member for service rendered as an employee, excluding bonuses or fees in excess of regular salary or retainer ". (We note that certain special rules apply to city marshals and deputy city marshals in Bossier City and Ruston). In accordance with this definition, in accordance with this definition, it is the opinion of this office that "earnings" refers to salary. In accord: Attorney General's Opinions Nos. 98-185 and 89-155.
With regard to Registrars, please be advised that LSA-R.S. 11:2051 that both member and employer contributions to the system are paid on the basis of the "salary earned during the period for which credit for service is claimed".
LSA-R.S. 11:2313(10), pertaining to Municipal Police, defines "earnable compensation" as follows:
 "Earnable compensation" shall mean the full amount of compensation earned by an employee for a given month, including supplemental pay provided by the state of Louisiana, but shall not include overtime."
This provision of law, which was formerly designated as LSA-R.S. 33:2372(13), has already been interpreted by this office, in Attorney General's Opinion 89-155, issued on December 4, 1989, in as follows:
 "Compensation earned by an employee for a given month is the salary established by the Civil established by the Civil Service Commission plus supplemental pay. Exclusion of overtime from the definition of earnable compensation shows that the legislature intended to exclude as "earnable compensation" economic benefits received by an employee over and above his straight monthly salary, except for supplemental pay. Economic benefits received by an employee over and above his monthly salary include such things as fringe benefits, use of municipal vehicles, etc. To define "earnable compensation" as all taxable benefits received by an employee would allow contributions to retirement to be based upon use of municipal vehicles or other fringe benefits which are paid by the municipality but taxable to the employee. This simply was not the intent of the legislature "Earnable compensation" includes only the monthly salary plus supplemental pay." (Emphasis supplied).
In reaching our determination herein, we are guided by the following rules of statutory construction: Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. Art. 12. In the construction of statutes, words are to be taken and construed in the sense in which they are understood in common language, giving consideration to the text and subject matter relative to which the words are employed. Martin v. Martin, 92 So. 46 (La. 1922). When the language of a statute must be interpreted in an effort to carry out the obvious intent, the interpretation may be availed of to restrict but not to extend or enlarge the enactment. State ex rel. Noe v. Knop, 190 So. 135, (La.App., 1939).
We trust the foregoing to be of assistance, and hope that you will not hesitate to contact us if we can be of assistance to you in the future.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: September 20, 2002
[1] http://education.yahoo.com/dictionary.